IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EMORY JOHNSTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-163-RAH-JTA |
| | ) | (WO) |
| JOHN Q. HAMM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the court on Plaintiff's Motion to Compel Non-party Alabama Department of Corrections to Comply with Subpoena (Doc. No. 25), Alabama Department of Corrections (ADOC)'s response in opposition thereto (Doc. No. 28), and Plaintiff's replies (Docs. No. 27, 30).

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Having thoroughly reviewed the parties' representations, the court discerns Plaintiff filed a motion to compel despite receiving assurances from ADOC that it was willing to produce, and had begun gathering, the requested documents. The day after filing his motion, ADOC informed Plaintiff the documents were ready for release upon receipt of payment for document production costs and, that same day, Plaintiff agreed to pay such production costs. (*See* Doc. No. 28-3; Doc. No. 30.) In fact, Plaintiff concedes he advised ADOC counsel "a check would be mailed the next day[,]" but then "[a]fter that email, counsel

reviewed [Fed. R. Civ. P.] 45 . . . and concluded that the fee was not owed. Counsel should have told ADOC's counsel of that change promptly and did not." (Doc. No. 30.) Plaintiff's imprudent decision to agree to provide payment to ADOC in exchange for the records and then silently change course without informing ADOC, while suppressing such agreement from the court in his filings, establishes the motion to compel was not filed in good faith. Indeed, Plaintiff's certification of a good-faith conference in his motion, which on its face satisfies the requirement under Fed. R. Civ. P. 37(a)(1), is a falsehood. (Doc. No. 25 at 6.) Though Plaintiff asserts he conferred with ADOC "in a good-faith effort to resolve this discovery dispute without Court intervention," the records belies that assertion.

As stated in this court's Civil Discovery Guidelines, "[t]he Court expects the parties to agree on a method of photocopying, as well as who is responsible for the expense of photocopying, without Court intervention." *Guidelines to Civil Discovery Practice in the Middle District of Alabama*, at 12. Here, ADOC agreed to produce the requested records in return for production costs and Plaintiff agreed to pay those production costs. The undersigned declines to intervene in the parties' agreement simply because Plaintiff desires now to have his proverbial cake and eat it, too.

For the reasons stated, it is ORDERED that the motion (Doc. No. 25) is DENIED.

DONE this 18th day of November, 2026.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE